NELSON MULLINS RILEY & SCARBOROUGH LLP
RYAN E. COSGROVE, State Bar No. 277907
*ryan.cosgrove@nelsonmullins.com*
19191 South Vermont Avenue, Suite 900
Torrance, CA 90502
Telephone: 424.221.7400
Facsimile: 424.221.7499

Attorneys for Defendant,
CASE-MATE, INC.

# UNITED STATES DISTRICT COURT

# NORTHEN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN INGRAM,<br><br>    Plaintiff,<br><br>    v.<br><br>CASE-MATE, INC.,<br><br>    Defendant. | Case No. 3:23-cv-02813<br><br>**DEFENDANT CASE-MATE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Complaint Filed: June 7, 2023<br>First Amended Complaint filed: August 21, 2023 |

Defendant Case-Mate, Inc. ("Case-Mate") answers the unverified First Amended Complaint ("FAC") of Plaintiff, as follows. Case-Mate responds to the specific allegations of Plaintiff's FAC in accordance with the order and number of paragraphs in which they are alleged as follows:

## **INTRODUCTION**

1. There are no allegations directed at Case-Mate in Paragraph 1 of the FAC and thus no response is required. To the extent a response is required, Case-Mate denies the allegations of Paragraph 1.

2. Case-Mate admits that Ingram seeks damages and injunctive relief. Case-Mate denies that it acted illegally or negligently or knowingly or willfully to

-1-

transmit unsolicited text messages to Plaintiff's phone without consent. Case-Mate denies the remaining allegations in Paragraph 2 of the FAC.

3. Case-Mate lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 3 of the FAC and, therefore, denies the allegations contained therein.

4. There are no allegations directed at Case-Mate in Paragraph 4 of the FAC and thus no response is required. To the extent a response is required, Case-Mate denies the allegations of Paragraph 4.

5. Case-Mate denies the allegations in Paragraph 5 of the FAC.

## NATURE OF THE ACTION

6. Answering Paragraphs 6 through 16 of the FAC, there are no allegations directed at Case-Mate and thus no response is required. To the extent a response is required, Case-Mate denies the allegations of Paragraphs 6 through 16 and denies any liability to Plaintiff under the allegations of Paragraphs 6 through 16 .

## JURISDICTION AND VENUE

7. Case-Mate denies the allegations in Paragraph 17 of the FAC to the extent Plaintiff claims he is bringing an action under 47 U.S.C. § 227(b). Case-Mate states that the Court, at Plaintiff's request, dismissed with prejudice any claims that Case-Mate violated 47 U.S.C. § 227(b). (Doc. 20.) The remaining allegations in Paragraph 17 are admitted.

8. Case-Mate admits the Court has personal jurisdiction over Case-Mate.

9. Case-Mate lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 19 of the FAC and, therefore, denies the allegations contained therein.

10. Case-Mate denies that it invaded Plaintiff's privacy. Case-Mate lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in Paragraph 20 of the FAC and, therefore, denies the allegations contained therein.

## PARTIES

11. Case-Mate lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 21 of the FAC and, therefore, denies the allegations contained therein.

12. Case-Mate admits the allegations in Paragraph 22 of the FAC.

13. Case-Mate admits the allegations in Paragraph 23 of the FAC.

## FACTUAL ALLEGATIONS

14. Case-Mate admits that it conducts business in the State of California. Case-Mate lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 24 of the FAC and, therefore, denies the remaining allegations.

15. Case-Mate admits that the telephone number at issue ends in digits 1393 and that messages were transmitted to a telephone number ending in 1393. Case-Mate lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 25 of the FAC and, therefore, denies the remaining allegations contained therein.

16. Case-Mate lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 26 of the FAC and, therefore, denies the allegations contained therein.

17. Case-Mate lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 27 of the FAC and, therefore, denies the allegations contained therein.

18. Case-Mate denies the allegations in Paragraph 28 of the FAC.

19. Case-Mate denies the allegations in Paragraph 29 of the FAC.

20. Case-Mate denies the allegations in Paragraph 30 of the FAC.

21. Case-Mate denies the allegations in Paragraph 31 of the FAC.

22. Case-Mate denies the allegations in Paragraph 32 of the FAC.

23. Case-Mate denies the allegations in Paragraph 33 of the FAC.

1     24.     Case-Mate denies the allegations in Paragraph 34 of the FAC.

2     25.     Case-Mate denies the allegations in Paragraph 35 of the FAC.

3     26.     Case-Mate lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 36 of the FAC and, therefore, denies the allegations contained therein.

27.     Case-Mate denies the allegations in Paragraph 37 of the FAC.

28.     Case-Mate denies the allegations in Paragraph 38 of the FAC.

29.     Case-Mate lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 39 of the FAC pertaining to memory space and, therefore, denies those allegations. The remaining allegations are denied.

30.     Case-Mate lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 40 of the FAC pertaining to whether the telephone number is a personal cellular device and, therefore, denies those allegations. The remaining allegations are denied.

31.     Case-Mate denies the allegations in Paragraph 41 of the FAC.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TCPA
## 47 U.S.C. § 227(C)(5)

32.     Answering Paragraph 42 of the FAC, Case-Mate refers to and incorporates its responses to Paragraphs 1 through 41 of the FAC.

33.     There are no allegations directed at Case-Mate in Paragraph 43 of the FAC and thus no response is required. To the extent a response is required, Case-Mate denies the allegations of Paragraph 43.

34.     Case-Mate denies the allegations in Paragraph 44 of the FAC.

35.     Case-Mate denies the allegations in Paragraph 45 of the FAC.

36.     Case-Mate denies the allegations in Paragraph 46 of the FAC.

37.     Case-Mate denies the allegations in Paragraph 47 of the FAC.

38.     Case-Mate denies the allegations in Paragraph 48 of the FAC.

**DEFENDANT CASE-MATE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

## SECOND CAUSE OF ACTION

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA

## 47 U.S.C. § 227(C)(5)

39. Answering Paragraph 49 of the FAC, Case-Mate refers to and incorporates its responses to Paragraphs 1 through 48 of the FAC.

40. There are no allegations directed at Case-Mate in Paragraph 50 of the FAC and thus no response is required. To the extent a response is required, Case-Mate denies the allegations of Paragraph 50.

41. Case-Mate denies the allegations in Paragraph 51 of the FAC.

42. Case-Mate denies the allegations in Paragraph 52 of the FAC.

43. Case-Mate denies the allegations in Paragraph 53 of the FAC.

44. Case-Mate denies the allegations in Paragraph 54 of the FAC.

45. Case-Mate denies the Case-Mate denies the allegations in Paragraph 55 of the FAC.

Answering the Prayer for Relief, Case-Mate denies Plaintiff is entitled to any damages, fees, costs of suit, or other relief from Case-Mate.

As separate affirmative defenses to the FAC, Case-Mate alleges, on information and belief, the following defenses. By alleging the following affirmative defenses, Case-Mate does not assume any burden of production, proof, or persuasion as to such defenses not otherwise imposed by law.

## FIRST AFFIRMATIVE DEFENSE

The FAC fails to state a claim upon which relief may be granted and should therefore be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND AFFIRMATIVE DEFENSE

Any alleged text messages were made with the prior express consent of Plaintiff and therefore, Plaintiff's claims fail.

### THIRD AFFIRMATIVE DEFENSE

Any text messages sent to Plaintiff were not a nuisance or an invasion of privacy, and they did not represent intrusive advertising, marketing, or soliciting. They were neither unwanted nor otherwise within the scope of communications that Congress intended to remedy through the TCPA. The Plaintiff gave prior express consent to receive any alleged text messages. As such, the messages are not actionable and the relief Plaintiff seeks would violate the intent of the TCPA and the Constitutions of the United States.

### FOURTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the FAC, any claim against Case-Mate is barred, in whole or in part, because Plaintiff has not sustained any damages.

### FIFTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the FAC, any claim against Case-Mate is barred, in whole or in part, because Plaintiff is not entitled to any actual or statutory damages under the TCPA.

### SIXTH AFFIRMATIVE DEFENSE

Any claim against Case-Mate is barred, in whole or in part, because Case-Mate did not violate the TCPA and did not commit any knowing or willful conduct.

### SEVENTH AFFIRMATIVE DEFENSE

Any claim against Case-Mate is barred, in whole or in part, because Plaintiff gave his valid prior express consent, invitation, or permission for Case-Mate to contact him.

### EIGHTH AFFIRMATIVE DEFENSE

Any claim against Case-Mate is barred, in whole or in part, because Plaintiff (through an alias or otherwise) or someone acting on his behalf provided valid prior express consent, invitation, or permission to be contacted by Case-Mate.

/ / /

/ / /

### NINTH AFFIRMATIVE DEFENSE

Any claim against Case-Mate is barred, in whole or in part, because Case-Mate reasonably relied on the good faith belief that Plaintiff had given valid prior express consent, invitation, or permission for Case-Mate to contact him.

### TENTH AFFIRMATIVE DEFENSE

Any claim against Case-Mate is barred, in whole or in part, because, to the extent Plaintiff has suffered any harm or damages, such harm or damages was the result of his own conduct.

### ELEVENTH AFFIRMATIVE DEFENSE

Case-Mate incorporates by reference herein all provisions set forth within 47 U.S.C. § 227 and 47 C.F.R. § 64.1200 (including prior versions of this statute and regulation) and relies herein on any safe harbor provisions, exemptions, exceptions, limitations, conditions, or other defenses that may be set forth therein.

### TWELFTH AFFIRMATIVE DEFENSE

Case-Mate pleads the applicability of all relevant parts of the prior versions of 47 U.S.C. § 227 and 47 C.F.R. § 64.1200 that may have been in effect during the time of the events alleged in Plaintiff's FAC or which were in effect at the time any alleged text messages were sent to Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish a violation of the TCPA because the conduct allegedly giving rise to a violation, if indeed it occurred, was not intentional. Any alleged violation, if it occurred, was the result of bona fide error that occurred despite Case-Mate's established procedures and/or the established procedures of third parties reasonably adopted to avoid such errors.

### FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that the primary use of the telephone that is the subject of the FAC is for business purposes of an entity that is also the subscriber of the phone, Plaintiff lacks standing to bring his claims.

### FIFTEENTH AFFIRMATIVE DEFENSE

Case-Mate pleads all applicable exceptions and exemptions for text messages placed to wireless numbers that have been ported, including, without limitation, the exceptions and exemptions set forth in 47 C.F.R. § 64.1200(a)(1)(iv), 47 C.F.R. § 64.1200(m), other regulations, Federal Communications Commission ("FCC") orders, and other legal authority.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Telephone Consumer Protection Act, codified at 47 U.S.C. § 227, as well as the subsequent Orders and Rulings of the FCC interpreting the TCPA, violate the First Amendment to the U.S. Constitution.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Telephone Consumer Protection Act, codified at 47 U.S.C. § 227, including statutory damages available under the Act, violates the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The fines and/or penalties sought by Plaintiff pursuant to the TCPA violate the Excessive Fines Clause of the Eighth Amendment, and the Takings Clause of the Fifth Amendment of the United States Constitution.

### NINETEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred to the extent they are based on orders or regulations that exceed the FCC's delegated authority.

### TWENTIETH AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred by the contributory negligence of Plaintiff.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff failed to take reasonable steps to mitigate his alleged damages.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Case-Mate states that it has complied with all applicable statutes and regulations, thereby barring Plaintiff's claims.

### TWENTY- THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of consent, estoppel, waiver, laches, ratification, good faith, and/or other equitable defenses.

### TWENTY- FOURTH AFFIRMATIVE DEFENSE

Recovery for Plaintiff's alleged damages is limited by the applicable statutory ceilings on recoverable damages.

### TWENTY- FIFTH AFFIRMATIVE DEFENSE

No act or omission by Case-Mate was the proximate cause of any damages suffered by Plaintiff.

### TWENTY- SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has pleaded an automatic telephone dialing system ("ATDS") claim, Plaintiff's ATDS claims under the TCPA must be dismissed because his telephone number was not randomly or sequentially generated. *See Facebook, Inc. v. Noah Duguid, et al.*, No. 19-511 (U.S. Supreme Court) ("*Duguid*").

### TWENTY- SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are frivolous and lack a good faith basis in fact and/or law.

### TWENTY- EIGHTH AFFIRMATIVE DEFENSE

Case-Mate states that, following completion of discovery and investigation into this matter, additional defenses may become available. Case-Mate reserves the right to assert additional defenses and counterclaims.

**WHEREFORE**, Case-Mate requests that this Court dismiss Plaintiff's FAC, award Case-Mate reasonable costs and expenses, including attorneys' fees, and grant such other and further relief as the Court deems fair and equitable.

/ / /

/ / /

/ / /

/ / /

/ / /

DATED: September 19, 2023         NELSON MULLINS RILEY &
                                  SCARBOROUGH LLP


                                  By: /s/ *Ryan E. Cosgrove*
                                      RYAN E. COSGROVE
                                      Attorneys for Defendant
                                      CASE-MATE, INC.

## CERTIFICATE OF SERVICE

I certify that on September 19, 2023, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the email addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

By:  */s/ Ryan E. Cosgrove*
  Ryan E. Cosgrove

**DEFENDANT CASE-MATE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**